UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE CO., and GEICO CASUALTY CO.,

          Plaintiffs,

-against-

FAISAL MAHMOOD, M.D., ONE OAK MEDICAL GROUP, LLC, and ONE OAK ORTHOPAEDIC & SPINE GROUP, LLC,

          Defendants.

**MEMORANDUM & ORDER**
**23-CV-4388 (NGG) (TAM)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court is in receipt of Defendants' Motion to Dismiss, which was fully briefed on February 21, 2025. (Defs.' Mot. to Dismiss ("Defs.' Mot.") (Dkt. 55-1); Pls.' Opp. to Mot. ("Pls.' Opp.") (Dkt. 55-5); Defs.' Reply (Dkt. 55-6).) The court is also in receipt of the parties' letters regarding supplemental authority as to Defendants' motion. (Pls.' Ltr. with Supp. Authority in Further Opp. to Defs.' Mot. Dated Mar. 5, 2025 ("Pls.' First Notice of Supp. Authority") (Dkt. 59); Defs.' Response Ltr. to Pls.' First Notice of Supp. Authority Dated Mar. 5, 2025 (Dkt. 60); Pls.' Ltr. with Supp. Authority in Further Opp. to Defs.' Mot. Dated Apr. 11, 2025 ("Pls.' Second Notice of Supp. Authority") (Dkt. 67); Defs.' Response Ltr. to Pls.' Second Notice of Supp. Authority Dated Apr. 11, 2025 (Dkt. 68); Pls.' Ltr. with Supp. Authority in Further Opp. to Defs.' Mot. Dated June 23, 2025 ("Pls.' Third Notice of Supp. Authority") (Dkt. 73); Defs.' Response Ltr. to Pls.' Third Notice of Supp. Authority Dated June 24, 2025 (Dkt. 74).)

For the following reasons, the court STAYS consideration of Defendants' motion to dismiss.

The parties' fundamental disagreement comes down to whether this court should follow the Third Circuit's April 2024 *Mount Prospect* decision or the New Jersey Appellate Division's January 2025 *Carteret* decision.[1]

Relying on the Third Circuit's April 2024 *Mount Prospect* decision, Defendants argue that all causes of action involving New Jersey-governed personal injury protection/no fault ("PIP") claims must be arbitrated and therefore "should be dismissed without prejudice to the right to seek relief in arbitration." (Defs.' Mot. at 9 (citing *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 101 F.4th 272, 278-80 (3d Cir. 2024)).) Plaintiffs disagree, arguing that Defendants' motion to dismiss should be denied because: (1) *Mount Prospect* "has now been *expressly controverted* by the New Jersey Appellate Division's January 2025 *Carteret* decision"; and (2) this court is bound to apply *Carteret*'s holding that insurance fraud claims "are *not* arbitrable under either the arbitration provisions in the New Jersey [PIP] statute or the arbitration provisions in an insurer's New Jersey [Decision Point Review Plan ("DPRP")]." (Pls.' Opp. at 9 (citing *Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, PC*, 480 N.J. Super. 566, 590-91 (App. Div. 2025)) (emphases in original briefing).)

In *Mount Prospect*, the Third Circuit made a "predictive ruling"[2] on New Jersey state law and held that a plaintiff-insurer's affirmative claims to recover fraudulently obtained New Jersey PIP

---

[1] (*Compare* Defs.' Mot. at 12 ("[T]his Court, faced with competing persuasive authority, should follow the Third Circuit's holding in *Mount Prospect*.") *with* Pls.' Opp. at 12 ("[T]he *Carteret* decision is not only persuasive, but—under these circumstances—is also binding concerning the issues on this motion.") (footnote omitted).)

[2] The phrase "predictive ruling" refers to the Third Circuit's admissions in *Mount Prospect* that its "goal" was "predicting" how the Supreme Court of New Jersey would rule. *See* 98 F.4th at 467 (adding that "[w]hen federal

benefits were subject to mandatory arbitration under the arbitration provisions in the New Jersey PIP statute,[3] as well as an enforceable arbitration agreement in plaintiffs' New Jersey DPRPs. 98 F.4th at 467, 469.

Nine months later, the New Jersey Appellate Division expressly disagreed with the Third Circuit's prediction of New Jersey law and its analysis, and held that *Mount Prospect*'s holdings should be outright rejected. *See Carteret*, 480 N.J. Super. at 590-91. In contrast to *Mount Prospect*, *Carteret* held that "as a matter of New Jersey law," insurance fraud claims are *not* arbitrable under the New Jersey PIP statute and that the arbitration provisions in an insurer's New Jersey DPRPs "are no broader" than the arbitration provisions of the New Jersey PIP statue. *Carteret*, 480 N.J. Super. at 587-88.

Since issuing its decision in January 2025, the New Jersey Appellate Division has relied on and reaffirmed *Carteret*'s holding. *See, e.g., Allstate Insurance Company, et al. v. Robert Matturro, D.C., et al.*, No. A-001224-24T2, 4 (N.J. App. Div. Apr. 7, 2025) (relying on *Carteret* to affirm denial of defendants' motion to compel arbitration of insurance fraud claims); *Allstate Insurance Company, et al. v. Samuel S. Davit, et al.*, No. A-000239-24T2, 6 (N.J. App. Div. May 20, 2025) (reversing and vacating orders compelling arbitration of insurance fraud claims involving a defendant healthcare provider's New Jersey PIP insurance billing "for the reasons set forth" in *Carteret*). Although Defendants acknowledge that the *Carteret* decision "*is* binding on the lower

---

courts answer questions of state law, they rule as they predict the state supreme court would"); *see also Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, No. 2:22-CV-05017 (BRM) (JSA), 2025 WL 2017255, at *3 (D.N.J. July 18, 2025) ("The Third Circuit issued a predictive ruling on New Jersey state law[.]") (citing *Mount Prospect*, 98 F.4th at 463).

[3] The "New Jersey PIP statute" refers to the New Jersey Automobile Insurance Cost Reduction Act ("AICRA").

courts in New Jersey," they maintain that it is *not* binding on this court. (Defs.' Response Ltr. to Pls.' Third Notice of Supp. Authority at 2 (discussing *Matturro* and *Davit*) (emphasis in original briefing).)

On July 8, 2025, the Supreme Court of New Jersey granted certification in *Carteret*, 261 N.J. 165 (N.J. 2025), limited to the following question: "Are claims of insurance fraud under the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 to -30, and the New Jersey Anti-Racketeering Act, N.J.S.A. 2C:41-1 to -6.2, subject to arbitration under the Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to -35?"[4]

Where a federal court is "charged with state law adjudication, [the] ultimate source must be the law as established by the constitution, statutes, or authoritative court decisions of the state— and not federal courts' guesses as to what that law might be." *Borley v. United States*, 22 F.4th 75, 82 (2d Cir. 2021).[5] When applying state law, federal courts "are bound to apply the law as established by the state's highest court." *Donohue v. Cuomo*, 980 F.3d 53, 65 (2d Cir. 2020), *certified question accepted*, 36 N.Y.3d 935 (N.Y. 2020), and *certified question answered*, 38 N.Y.3d 1 (N.Y. 2022); *accord Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 585 U.S. 33, 44 (2018) ("If the relevant state law is established by a decision of the State's highest court, that decision is binding on the federal courts."). If a state's highest court has not yet spoken on an issue, a federal court is "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010). "A federal court may not

---

[4] The New Jersey Supreme Court also granted certification in 261 N.J. 163 (N.J. 2025) and 261 N.J. 164 (N.J. 2025).

[5] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

choose to ignore substantive state law if there is no indication that state courts have abandoned their precedent on the matter." *Mayes v. Summit Ent. Corp.*, 287 F. Supp. 3d 200, 207 (E.D.N.Y. 2018).

As the parties' briefs and letters regarding supplemental authority show, the central question in resolving Defendants' pending motion to dismiss is a matter of state law: whether causes of action involving allegedly fraudulently obtained, New Jersey-governed PIP benefits are subject to mandatory arbitration under New Jersey law such that this court lacks subject matter jurisdiction. (*See, e.g.*, Pls.' First Notice of Supp. Authority at 1 (observing that Defendants' motion to dismiss "is predicated almost entirely on the notion that large portions [of] GEICO's claims in this action are subject to mandatory arbitration under New Jersey law, and that this Court therefore lacks jurisdiction").) *See also Carteret*, 480 N.J. Super. at 590 ("In evaluating [the New Jersey PIP statute], the Third Circuit recognized it was addressing a question of state law.") (citing *Mount Prospect*, 101 F.4th at 467).

\* \* \*

Recognizing that this court is bound to apply state law as established by the state's highest court, and because Defendants' pending motion to dismiss turns on the very question of New Jersey law to be decided by New Jersey's highest court, the court STAYS consideration of Defendants' motion to dismiss pending the Supreme Court of New Jersey's rulings in *Carteret*, 261 N.J. 163, 261 N.J. 164, and 261 N.J. 165, and supplemental briefing from the parties addressing the decision's impact on this case.

The parties are DIRECTED to provide the court with a proposed briefing schedule within ten days of the New Jersey Supreme Court's decision. The parties are also DIRECTED to continue with discovery under the direction of Magistrate Judge Taryn A. Merkl.

SO ORDERED.

Dated:   Brooklyn, New York
         September 4, 2025

/s/ Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge